**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

vs. No. CR 07-1456 JB

LORENZO MARGARITO TREJO-LARA,

Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Motion for Reasonable Sentence and Sentencing Memorandum, filed October 8, 2007 (Doc. 16). The Court held a sentencing hearing on November 9, 2007. The primary issue is whether the Court should vary downward from the advisory guideline sentence because Defendant Lorenzo Margarito Trejo-Lara returned to the United States because his family in El Paso, Texas was suffering domestic violence and homelessness. For the reason stated at the sentencing hearing, and for reason consistent with those stated at the hearing, the Court denies the request for a variance from the guideline sentence.

**LAW REGARDING BOOKER VARIANCES**

In United States v. Galarza-Payan, 441 F.3d 885 (10th Cir. 2006), the United States Court of Appeals for the Tenth Circuit observed that, post-Booker, the extensiveness of a defendant's "family and cultural ties" will still be part of tailoring an appropriate sentence. 441 F.2d 889-90. The Tenth Circuit concluded, however, that, in assessing the reasonableness of a sentence, a particular defendant's family and cultural ties must be weighed against other factors, such as " [i] sentencing disparities among defendants with similar backgrounds and characteristics, and [ii] the

need for the sentence to reflect the seriousness of the crime and promote respect for the law." Id. at 890-91 (citing 18 U.S.C. § 3553(a)(2), (6)). Although the Guidelines are no longer mandatory, both the Supreme Court and the United States Court of Appeals for the Tenth Circuit have clarified that, while the Guidelines are one of several factors enumerated in 18 U.S.C. § 3553(a), they are entitled to considerable deference. See Rita v. United States, No. 06-5754, 2007 U.S. LEXIS 8269, at *21 (U.S. June 21, 2007)("The Guidelines as written reflect the fact that the Sentencing Commission examined tens of thousands of sentences and worked with the help of many others in the law enforcement community over a long period of time in an effort to fulfill [its] statutory mandate."); United States v. Cage, 451 F.3d 585, 593 (10th Cir. 2006)(describing the Guidelines as more than "just one factor among many"). They are significant because "the Guidelines are an expression of popular political will about sentencing that is entitled to due consideration . . . [and] represent at this point eighteen years worth of careful consideration of the proper sentence for federal offenses." United States v. Cage, 451 F.3d at 593 (internal quotations omitted). A sentencing court must now consider all the factors enumerated in 18 U.S.C. § 3553, including the Guidelines, and resolve conflicts between them.

## ANALYSIS

The Court does not minimize the seriousness of the situation that caused Trejo-Lara to leave his home. Trejo-Lara contends that he returned to the United States through Sunland Park, New Mexico, to be with his homeless family in El Paso. See Motion for Reasonable Sentence and Sentencing Memorandum at 3-4, filed October 8, 2007 (Doc. 16). Nevertheless, he committed a felony offense by illegally reentering the United States after deportation. See Response to Defendant's Sentencing Memorandum at 1, filed October 15, 2007 (Doc. 17)("Response"). Moreover, his homeless family could have traveled a shorter distance to be with him in Mexico and,

if his family had done so, no one would have committed any crimes.

Trejo-Lara's family responsibilities are a "discouraged factor." United States v. Caldwell, 219 F.3d 1186, 1192 (10th Cir. 2006)(explaining that, before Booker, "[i]mpermissible factors include (1) forbidden factors, (2) discouraged factors that are not present to some exceptional degree, and (3) encouraged factors already taken into account by the applicable guideline that are not present to some exceptional degree."). In United States v. Galarza-Payan, the Tenth Circuit addressed an argument similar to the one that Trejo-Lara raises. See 441 F.3d at 887 (noting that the defendant argued "the following mitigating circumstances: . . . his parents and all three brothers were living in El Paso, Texas; and . . . his mother was presently ill and scheduled to undergo surgery."). Many defendants charged with illegally re-entering the United States after deportation could make arguments similar to the ones that Trejo-Lara makes.

Many defendants charged with illegal reentry maintain that they return to the United States to help family members in trouble. Trejo-Lara's arguments are less forceful than many because his homeless family was less than a mile from the Mexican border. See Response at 4. They could have joined Trejo-Lara, rather than him committing a felony. Trejo-Lara's circumstances do not warrant a variation from the recommended guideline range.

**IT IS ORDERED** that the request in the Defendant's Motion for Reasonable Sentence and Sentencing Memorandum for a variance from the advisory guideline sentence is denied.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Larry Gomez
Acting United States Attorney
for the District of New Mexico
Norman Cairns
Assistant United States Attorney
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Kenneth Gleria
Albuquerque, New Mexico

*Attorney for the Defendant*